IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**JOSHUA MALLORY,**

    **Plaintiff,**

vs.      No.: 2:21-cv-2401-SHL-cgc

**SOUTHHAVEN POLICE DEPARTMENT,**

    **Defendant.**

---

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*
REPORT AND RECOMMENDATION

---

On June 15, 2021, plaintiff Joshua Mallory filed a *pro se* complaint and a motion to proceed *in forma pauperis*. (D.E. # 1 & 2.) This case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate pursuant to Administrative Order 2013-05[1].

Federal law provides that the "clerk of each district court shall require parties instituting any such civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $400," 28 U.S.C. § 1914(a). To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an *in forma pauperis* affidavit. Under that section, the Court must conduct a satisfactory inquiry

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746.

In this case, the Plaintiff has submitted a properly completed and executed *in forma pauperis* affidavit. The information set forth in the affidavit satisfies Plaintiff's burden of demonstrating that he is unable to pay the civil filing fee. Accordingly, the motion to proceed *in forma pauperis* is GRANTED. The Clerk shall record the defendant as Southhaven Police Department.

The complaint was filed using the form for alleging "violation of civil rights under 42 U.S.C. § 1983. Plaintiff alleges that:

"I was discriminated against and taken to jail."

Plaintiff seeks "litigations".

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

    (i)      is frivolous or malicious;

    (ii)     fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; *see also* Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

It is RECOMMENDED that Plaintiff has not stated a claim for which relief can be granted. If Plaintiff seeks to state a claim under 42 U.S.C. § 1983,[2] he must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150

---

[2] Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(1970). Plaintiff has not stated in the Complaint what actions Southhaven Police Department took to deprive him of rights secured by the "Constitution and laws" of the United States.

Therefore, it is RECOMMENDED that Plaintiff's complaint pursuant to 42 U.S.C. § 1983 be dismissed with prejudice.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

**SIGNED** this 9th day of July, 2021.

                                            <u>s/ Charmiane G. Claxton</u>
                                            CHARMIANE G. CLAXTON
                                            UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL**