**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

JOSHUA MALLORY,  )
     Plaintiff,  )
  )
v.  )     No. 2:21-cv-02401-SHL-cgc
  )
SOUTHHAVEN POLICE DEPARTMENT,  )
     Defendant.  )
  )

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND
GRANTING LEAVE TO AMEND COMPLAINT**

Before the Court is Magistrate Judge Claxton's Report and Recommendation regarding Plaintiff's Complaint (Report), filed July 9, 2021, recommending that the Court dismiss the Complaint. (ECF No. 7.) Plaintiff filed an Objection to the Report on July 30, 2021. (ECF No. 8.)

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff's Objection was filed seven days after his deadline to do so. However, in allowing deference to a pro se plaintiff, the Court will consider the Objection. In his Objection, Plaintiff asserts that he "was assaulted by this officer . . . detained for no apparent reason and sent to jail for this officer falsely accusing me of disorderly conduct." (ECF No. 8 at PageID

16.)  Plaintiff continues that "[t]his is discrimination based on the officer's perception."  (ECF No. 8 at PageID 16.)  Plaintiff's allegation that he was assaulted by the officer was not stated in his Complaint.  Thus, the Court construes his Objection as a Motion to Amend his Complaint. See Tucker v. Ganshimer, No. 1:07CV1035, 2008 WL 4452722, at *1 (N.D. Ohio Sept. 30, 2008) ("[A] pro se litigant is entitled to a liberal construction of his pleadings and filings.") (internal citation omitted); see also Strayhorn v. Wyeth Pharms., Inc., 737 F.3d 378, 399 (6th Cir. 2013) ("The appropriate method for adding new factual allegations to a complaint is . . . by filing an amended complaint.").

Having reviewed the Report and Plaintiff's Objection thereto, the Court now **ADOPTS** the Report **IN PART**.  As the Report concludes, Plaintiff fails to allege sufficient facts in his Complaint to state any claim upon which relief may be granted.  See Gavitt v. Born, 835 F.3d 623, 640 (6th Cir. 2016) ("[A]ssessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings").  However, with the additional allegation in his Objection that he was assaulted by the officer, Plaintiff appears to be attempting to lay out the facts of his claims, albeit by primarily relying on a legal conclusion.  At this juncture, the Court finds good cause to **GRANT** Plaintiff leave to amend his Complaint, although the Court expresses no opinion as to whether an Amended Complaint will survive further review.

If he chooses to do so, Plaintiff is **ORDERED** to file an Amended Complaint within **21 days** of the date of this Order.  Again, if he chooses to do so, Plaintiff must allege facts to support his claims, not just say that his claims or the evidence exists.  Plaintiff is reminded that facts are the details of the events that occurred, such as the details of his arrest and alleged assault.  Plaintiff cannot simply state, and rely on, his belief that his constitutional rights have

2

been violated.  Failure to file an Amended Complaint may result in the dismissal of Plaintiff's claims.

**IT IS SO ORDERED,** this 3rd of August, 2021.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE